IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-40128-01-JAR |
| | ) | |
| CHRISTINE GUMBS, | ) | |
| Defendant. | ) | |

_____)


## MOTION TO DISMISS COUNT 1 OF THE INDICTMENT

COMES NOW Christine Gumbs, by and through her attorney, Andrew J. McGowan, and moves this Court, pursuant to the Fifth Amendment to the United States Constitution and Federal Rule of Criminal Procedure 12(b)(2), to dismiss Count 1 of the indictment on the ground that the count fails to charge an offense against the United States as required by 18 U.S.C. § 3. The Government is attempting to convict Ms. Gumbs, a civilian, in federal court for crimes associated with military violations, as opposed to crimes against the United States, as required by the statute. This fundamental element is not subject to substitution by bootstrapping in military proceedings to fill a void in the prosecution case. The government has wholly conflated both the jurisdiction and elements, and in so doing, failed to charge a federal offense. This is fatal to the Count 1.

## Count 1

The government has charged Ms. Gumbs in Count 1 with accessory-after-the-fact of her husband's military battery of a child less than 16 years old ("L.V.") and military reckless child endangerment (citing "Articles 134 and Article 128 of the Uniform Code of Military Justice" as the basis for the court martial), in violation of 18 U.S.C. § 3[1]. The indictment alleges that she "received, relieved, comforted or assisted Javier J. Gumbs, in order to hinder and prevent the trial and/or punishment of Javier J. Gumbs, thereafter received, relieved, comforted or assisted Javier J. Gumbs, namely, provided a sworn written statement falsely confessing to the abuse of L.V., in order to hinder and prevent the trial and/or punishment of Javier J. Gumbs." Additionally, the government has charged Ms. Gumbs under the Assimilated Crimes Act (ACA)[2] in Counts 2, 3, and 4 with violating Kansas' aggravated child endangerment statute.[3]

### Argument and Authorities

**1.     Battery of a civilian child is not an "offense against the United States"**

One of the elements that the government must prove in this case is that Ms. Gumbs knew that an "offense against the United States" was committed. Article III

---

[1] 18 U.S.C. § 3 ("Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.").

[2] 18 U.S.C. § 13.

[3] K.S.A. 21-5601.

courts have jurisdiction over criminal cases only to the extent allowed by statute.[4] Since the acts alleged in the indictment do not meet the requirements of 18 U.S.C. § 3, the indictment does not charge a crime.

Ms. Gumbs' husband's military violations, which amount to his battery of a civilian child, should not qualify as offenses against the United States. Only offenses in the United States Criminal Code, primarily those listed in Title 18 and the drug crimes listed in Title 21, should count as offenses "against the United States." The military offenses in this case are not offenses against the United States; they are offenses against a young civilian boy. The crimes committed by Javier Gumbs could not have been prosecuted in United States District Court; therefore, they were not crimes against the United States. By charging Ms. Gumbs with the civilian crime of accessory based on a military conviction, the government is trying to fit a square peg into a round hole.

## 2.    The Assimilative Crimes Act covers this case

Congress passed the Assimilated Crimes Act ("ACA") for just this type of case. Here, the government is bootstrapping a military offense into a federal criminal proceeding to substitute for an element of the crime. This makes the ACA superfluous, at least as far as military bases are concerned.

---

[4] *United States v. Hudson*, 7 Cranch 32, 34 (1812).

The ACA is the round peg that will fit the round hole in this case. Congress passed the ACA to enable federal authorities to prosecute offenses that are committed on federal lands and for which there are no federal criminal statutes on point. The ACA incorporates the substantive criminal law of the underlying state into federal criminal law and authorizes the prosecution of offenders in federal courts under such state laws. The relevant section of the ACA, 18 U.S.C. § 13(a), provides that:

> Whoever within or upon [federal lands] is guilty of an act or omission which, although not punishable by an act of Congress, would be punishable if committed or omitted within the jurisdiction of the State . . . in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

As can be seen from Counts 2-4 of the indictment, the ACA is clearly capable of covering the allegations in this case. Because the ACA covers this situation completely, no justifiable or legal reason exists to allow the government to prosecute Ms. Gumbs based on her husband's violation of military law. Moreover, if Congress wanted to allow the military to prosecute individuals for violation of military law in federal civilian court, Congress could have said as much. Congress did not.

**3.      Legal scheme of military offenses and civilian crimes**

The phrase "offense against the United States" must be considered the legal scheme that established the military offenses and civilian crimes as well as the remainder of the statutory scheme. "Statutory construction . . . is a holistic endeavor. A

4

provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme — because the same terminology is used elsewhere in a context that makes its meaning clear, or because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law."[5]

      *i)        Constitutional underpinnings of military offenses and civilian crimes*

The Uniform Code of Military Justice (UCMJ), under which Ms. Gumbs' husband was prosecuted, is entirely separate from the civilian United States Criminal Code. That is, in part, due to the origins and purpose of the codes. Military courts are governed by Article I of the United States Constitution while Article III governs the civilian courts. This separation in the Constitution is the basis for considerable differences between the military violations and crimes under the United States Criminal Code.

In pertinent part, Article I, Section 8, gives Congress the Power: "To provide for organizing, arming, and disciplining, the Militia, and for governing such Part of them as may be employed in the Service of the United States …" The Military Code of Justice is, as a result, based on discipline. Consequently, courts-martials are primarily disciplinary proceedings. Article III of the Constitution, however, refers only to crimes, not discipline. In pertinent part, Article III, Section 2, states: "The Trial of all Crimes, except

---

[5] *United Sav. Ass'n v. Timbers of Inwood Forest Associates*, 484 U.S. 365, 371 (1988) (citations omitted).

in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed …." As a result, Article III courts try crimes.

The Manual for Courts-Martial (2012 Ed) emphasizes the military's need for good order and discipline: "The purpose of military law is to promote justice, to assist in maintaining good order and discipline in the armed forces, to promote efficiency and effectiveness in the military establishment, and thereby to strengthen the national security of the United States."[6] It is, therefore, unlike the United States Criminal Code where one of the main purposes is to punish the defendant.[7]

Courts-martials are limited to offenses against military law.[8] Persons subject to courts-martials are not protected by the Fifth Amendment right to indictment by grand jury, the Sixth Amendment right to an impartial jury, and the right to trial by jury found in Article III Section 2, Clause 3. "None of the travesties of justice perpetrated under the U.C.M.J. is really very surprising, for military law has always been and continues to be primarily an instrument of discipline, not justice."[9]

---

[6] Manual for Court Martial ("MCM") Part I, Preamble ¶ 3.

[7] 18 U.S.C. § 3553(a)(2)(A)(citing, as sentencing factors, the need of the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.").

[8] MCM Part I, Preamble ¶ 2(b)(1) ("The agencies through which military jurisdiction is exercised include: Courts-martial for the trial of offenses against military law.")

ii)      *Congress has distinguished "offenses against the United States" from military violations*

In Title 18, Congress has distinguished "offenses against the United States" from those that are subject to courts-martial in the United States Criminal Code. This distinction exists in 18 U.S.C. § 3481, called "Competency of accused," where it distinguishes between them: "In a trial of all persons charged with the commission of offenses against the United States and in all proceedings in courts martial and courts of inquiry in any State, District, Possession or Territory, the person charged shall, at his own request, be a competent witness." This distinction also exists in 18 U.S.C. § 4083 ("Persons convicted of offenses against the United States or by courts-martial punishable by imprisonment for more than one year may be confined in any United States penitentiary."). If Congress did not see any distinction between "offenses against the United States" and those tried in courts-martial, there would be no need for this separation. As a result, the separation of the two in these sections of the United States Criminal Code is a further indication that Congress considers offenses found by courts-martial different than offenses against the United States.

iii)      *"Offense against the United States" is an element of other crimes*

Additionally, the federal accessory statute is not the only crime in the criminal code that allows prosecutions for "offenses against the United States." Most notably,

---

[9] Glasser, *Justice and Captain Levy*, 12 Colum. F. 46, 49 (1969).

aiding and abetting[10] and the general conspiracy statute,[11] also allow for prosecutions based on "offenses against the United States." So, should this Court allow the prosecution of Count 1 to proceed in this case, the ruling would allow the government to prosecute civilians for helping servicemen commit violations of the Military Code of Justice to any number of cases, including, as in this case, child abuse, being late for work,[12] and malingering,[13] that would otherwise have no business in federal court.

**4.       The statute requires an offense against the United States**

The Ninth Circuit has rejected the idea that an "offense against the United States" can stand for knowledge of any offense.[14] In *Graves*, the defendant was charged with being an accessory-after-the-fact to the co-defendant's felon-in-possession of a firearm offense, in violation of 18 U.S.C. § 3, and with aiding and abetting another person's escape, in violation of 18 U.S.C. §§ 2 & 751.[15] The question on appeal was what knowledge, if any, the defendant had to have that the co-defendant had a felony

---

[10] 18 U.S.C. § 2.

[11] 18 U.S.C. § 371.

[12] Article 86 of the UCMJ.

[13] Article 115 of the UCMJ.

[14] *United States v. Graves*, 143 F.3d 1185, 1190-1191 (9th Cir. 1998).

[15] *Id*. at 1187.

conviction to support the accessory-after-the-fact conviction.[16] The government's main

argument was that it only had to prove that the defendant knew the co-defendant

possessed the gun, NOT that the co-defendant had a felony conviction.[17]

The Ninth Circuit rejected that argument as fallacious[18] and also rejected the

government's related argument that the defendant could be convicted if he knew that

the co-defendant possessed the gun "unlawfully."[19] That Court distinguished between

an "offense against the United States" and other offenses that were not federal offenses:

> Aside from the fact that [the defendant] was neither charged
> with nor prosecuted for being an accessory to an offender
> guilty of "unlawful possession," the offender must have
> committed an offense against the United States, and
> unlawful possession is not such an offense. In fact, many
> unlawful possession offenses are state-law, not federal-law,
> crimes. *See, e.g., Cal. Penal Code § 626.9(b)* (possession of a
> firearm in a gun-free school zone); § 12028(a) (carrying a
> concealed firearm); § 12031(a)(1) (carrying a loaded firearm
> in public); § 12031(2)(G) ("A person who takes a firearm
> without the permission of the owner or without the
> permission of the person who has custody of the firearm
> does not have lawful possession of the firearm."). Thus,
> proving "unlawful" possession would not prove a federal

---

[16] *Id*.

[17] *Id*. at 1188.

[18] *Id*. at 1190.

[19] *Id*. at 1190.

offense to which Graves could have been an accessory after the fact.[20]

The Ninth Circuit reversed the defendant's accessory conviction for insufficient evidence because the government failed to present any evidence to support a finding that the defendant acted "knowing that an offense against the United States had been committed," and consequently failed to prove beyond a reasonable doubt the essential elements of the offense of accessory-after-the-fact.[21]

In *Graves*, the Ninth Circuit correctly distinguished offenses against the United States from offenses that did not qualify, including state offenses.[22] Simply put, not every crime is an offense against the United States, as contemplated by the federal statute. Military offenses, like state crimes or municipal infractions, should be part of the list of offenses that do not qualify as well.

**5.     The government is CIRCUMVENTING THE LAW to forcibly subject Ms. Gumbs, a civilian, to military law.**

Ms. Gumbs could not be court-martialed for this offense. This is true even though the military code includes accessory after the fact as a possible charge because Ms. Gumbs is a civilian.[23] Nevertheless, if this Court allows this prosecution to move

[20] *Id*. at 1190-1191 (brackets added).

[21] *Id*. at 1183 and 1191.

[22] *Id*. at 1191.

[23] Article 78 of the Military Code of Justice; 10 U.S.C. § 878.

forward, it will, in effect, empower the government to prosecute Ms. Gumbs for allegedly helping her husband attempt to avoid the consequences of a violation of military law. Ms. Gumbs could not be prosecuted in military court. She cannot be prosecuted in federal civilian court for an offense that she could not be prosecuted for in the jurisdiction where the crimes actually occurred. The government cannot simply substitute federal jurisdiction for military jurisdiction any more than it can substitute a military offense for an element of a federal crime. This is constitutionally offensive forum shopping.

The government is attempting to use the charges in Count 1 to accomplish what it could not do in a court-martial. There is no reason to allow the government to circumvent the congressionally approved method of charging a civilian in federal civilian court under the Assimilated Crimes Act.

## CONCLUSION

WHEREFORE, Ms. Gumbs, for the above stated reasons, respectfully requests that this Court dismiss Count 1 of the indictment in this case for failing to state an offense.

Respectfully submitted,


S/ Andrew J. McGowan     #16216
ANDREW J. McGOWAN
Assistant Federal Public Defender
117 SW 6th Avenue, Suite 200
Topeka KS 66603-3840
Phone: 785/232-9828
Fax: 785/232-9886
Email: Andrew_McGowan@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Christine Kenney
Assistant United States Attorney
Christine.Kenney@usdoj.gov

Robin A. Graham
OSJA
robin.a.graham2.civ@mail.mil


S/ Andrew J. McGowan